FILED

**SANGER SWYSEN & DUNKLE**
Attorneys at Law
Stephen K. Dunkle, SBN 227136
125 E. De La Guerra St. Suite 102
Santa Barbara, California 93101
Telephone: (805) 962-4887
Facsimile: (805) 963-7311
sdunkle@sangerswysen.com

2014 FEB 28  AM 11: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Plaintiffs,
Jane Roe and Kip Holland

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

JANE ROE and KIP HOLLAND,

                     Plaintiffs,

     vs.

CITY OF SAN LUIS OBISPO;
COUNTY OF SAN LUIS OBISPO;
CORY PIERCE; and DOES 1 through
50 inclusive,

                  Defendants.

Case No. CV14- 1520 RGK-MRW x

**COMPLAINT FOR DAMAGES FOR:**

**1. VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983];**
**2. VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983];**
**3. VIOLATION OF CIVIL RIGHTS-** *MONELL* **CLAIM [42 U.S.C. §§ 1983, 1988]**
**4. EXTORTION**
**5. NEGLIGENCE**

**DEMAND FOR JURY TRIAL**

     Plaintiffs, JANE ROE and KIP HOLLAND, hereby allege as follows:

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4).  This action at law for money damages arises under Title 42 U.S.C. § 1983, Title 42 U.S.C. § 1985 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured by Plaintiffs by said statutes, and by the First, Fourth, Thirteenth and Fourteenth Amendments to the United States Constitution.

2.   Venue in this district and division is proper under 28 U.S.C. § 1391 (b) and 29 U.S.C. §

1

**COMPLAINT FOR DAMAGES**

1132 (e), because a substantial portion of the events giving rise to the claims asserted herein occurred in the County of San Luis Obispo, within the Central District of California.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

3. At all times herein mentioned, Plaintiff JANE ROE ("ROE"), was a resident of the County of San Luis Obispo, California.

4. At all times herein mentioned, Plaintiff KIP HOLLAND ("HOLLAND"), was a resident of the County of San Luis Obispo, California.

5. At all times herein mentioned, Defendant CORY PIERCE ("PIERCE") was employed as a peace officer with the City of San Luis Obispo and the San Luis Obispo Police Department.

6. Defendant CITY OF SAN LUIS OBISPO ("CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Luis Obispo Police Department, and particularly said Department's Narcotics, Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages.

7. At all times herein mentioned, PIERCE was assigned to the Narcotics Task Force with the San Luis Obispo County Sheriff's Office.

8. Defendant COUNTY OF SAN LUIS OBISPO ("COUNTY") is and at all times herein mentioned has been a public entity and a county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Luis Obispo Sheriff's Office, and particularly said Offices's Narcotics Task Force, Internal Investigations

2

**COMPLAINT FOR DAMAGES**

1    and Training and Personnel Divisions and other operations and subdivisions presently

2    unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages.

3    9.   Plaintiffs are informed and believe and thereon allege that each of the Defendants

4        designated as a DOE are intentionally responsible in some manner for the events and

5        happenings herein referred to, and thereby proximately caused injuries and damages as

6        herein alleged.  The true names and capacities of DOES 1 through 50, inclusive, and

7        each of them, are not now known to Plaintiffs who therefore sue said Defendants by

8        such fictitious names and Plaintiffs shall seek leave of the Court to amend the

9        Complaint to allege the true names and capacities of said Defendants as they are

10       ascertained.

11   10.  Defendants, and each of them, did the acts and omissions hereinafter alleged in bad

12       faith and with knowledge that their conduct violated well established and settled law.

13   11.  Plaintiffs sue each and all Defendants in both their individual and official capacities.

14   12.  Plaintiffs are informed and believe, and thereon allege, that Defendant CITY trained

15       and hired as a law enforcement officer Defendant PIERCE.

16   13.  Plaintiffs are informed and believe, and thereon allege, that on or about the dates

17       when the events surrounding the injuries to Plaintiffs occurred, Defendant PIERCE

18       was acting in his capacity as a law enforcement officer employed by Defendant CITY.

19   14.  Plaintiffs are informed and believe, and thereon allege, that on or about the dates

20       when the events surrounding the injuries to Plaintiffs occurred, Defendant PIERCE

21       was acting in his capacity as a law enforcement officer assigned to Defendant

22       COUNTY'S Narcotics Task Force.

23   15.  Defendant PIERCE first came into contact with JANE ROE and KIP HOLLAND in

24       March of 2011.  HOLLAND was arrested for possession of heroin by officers from

25       the Grover Beach Police Department following a traffic stop.  The Grover Beach

26       Police Department called in PIERCE who transported HOLLAND to the San Luis

27       Obispo Police Department.  PIERCE attempted to interrogate HOLLAND, but

28       HOLLAND asserted his right to remain silent.  HOLLAND was booked into the jail.

3

**COMPLAINT FOR DAMAGES**

16. When HOLLAND was released from jail, he noticed that his wallet was missing from the property returned to him. He left a message for PIERCE inquiring about the wallet and later received a call back from PIERCE. PIERCE instructed him to pick up the wallet at the San Luis Obispo Police Department. HOLLAND drove to the police department with his girlfriend JANE ROE to pick up his wallet. ROE went into the police department and PIERCE returned the wallet. He requested ROE's phone number and ROE gave it to him.

17. PIERCE called ROE and asked her to obtain prescription painkillers for him. He told ROE not to mention the request to HOLLAND. ROE told him she was not interested in obtaining drugs for him. However, PIERCE persisted. He called her repeatedly until ROE gave in. PIERCE led her to believe that if she did what he said, he would help HOLLAND with his criminal charges. PIERCE directed ROE not to tell HOLLAND what she was doing but HOLLAND eventually found out anyway. PIERCE later demanded that HOLLAND obtain drugs for him as well.

18. In April of 2011, HOLLAND entered a plea in his drug possession case and was placed on probation. He was sentenced to 20 days in jail as a condition of probation and ordered to report to probation upon his release. However, PIERCE came to the jail and picked him up early. PIERCE told him not to report to probation and that he would take care of it. As a result, HOLLAND had almost no contact with his assigned probation officer and did not participate in drug testing or treatment.

19. PIERCE's demands of ROE and HOLLAND increased as time passed. In addition to painkillers, PIERCE demanded that ROE and HOLLAND obtain money and heroin for him. PIERCE gave ROE and HOLLAND information regarding police investigations so that they would not be caught obtaining drugs for him. PIERCE told them which drug houses to stay away from and advised them to obtain drugs at other locations.

20. In March of 2012, PIERCE gave ROE placebo oxycodone pills and directed her to trade the pills to drug dealers for painkillers. PIERCE also provided ROE with

4

1    methamphetamine.

2  21.  ROE spent approximately six weeks in a drug rehabilitation program in Santa Barbara

3      County, beginning in April of 2012.  She got rid of her phone so that PIERCE could

4      not reach her.  When she left the program and returned to San Luis Obispo County,

5      PIERCE contacted her and again demanded that she supply him with drugs, which led

6      to a relapse.

7  22.  In June of 2012, PIERCE directed ROE and HOLLAND to set up a drug dealer to rob

8      him.  At PIERCE's direction, ROE and HOLLAND arranged a meeting with a drug

9      dealer.  PIERCE pulled over the drug dealer shortly after the meeting and robbed him

10     at gunpoint.

11  23.  On numerous occasions, PIERCE directed ROE to go to emergency rooms and falsely

12     describe symptoms so that she could obtain prescription painkillers for him.  PIERCE

13     followed her from the emergency room to a pharmacy to ensure that she complied

14     with giving him the drugs.  The prescription drugs include painkillers and drugs that

15     treat opiate addiction.

16  24.  PIERCE threatened ROE and HOLLAND with imprisonment if they did not comply

17     with his demands.  He followed through with the threat and had HOLLAND arrested

18     and brought before the court on an alleged probation violation.  The judge ordered

19     HOLLAND to report to probation, but PIERCE again told him that he would take care

20     of it.  PIERCE also made threats of violence, telling ROE that he could make her and

21     HOLLAND disappear.  ROE and HOLLAND lived in constant fear of PIERCE.  They

22     believed he was capable of using his position as a police detective to plant drugs on

23     them and have them arrested or cause them physical harm.

24  25.  PIERCE used his position as a police detective to force ROE into engaging in sexual

25     acts with him.  PIERCE used the threat of arresting ROE and HOLLAND to force her

26     to submit.  In particular, PIERCE forced ROE into an act of oral copulation and, on

27     another occasion, forced sexual intercourse.  There was an additional incident when

28     he pushed and rubbed his body up against her.

5

26. In November of 2012, ROE was arrested for entering a commercial dwelling, burglary and grand theft. She was placed in custody at the San Luis Obispo County Jail.

27. In January of 2013, ROE and HOLLAND reported PIERCE's conduct to the FBI and began cooperating with a federal investigation. HOLLAND agreed to record his conversations with PIERCE. The recorded conversations documented PIERCE demanding that HOLLAND buy and sell drugs for him.

28. On February 5, 2013, PIERCE was arrested by the FBI. On March 1, 2013, he was indicted in United States District Court for the Central District of California for bribery in violation of Title 18 USC § 666(a)(1)(B) and extortion in violation of Title 18 USC § 1951. On July 8, 2013, Piece entered a plea of guilty to one count of extortion. On December 9, 2013, he was sentenced to 18-months in the Bureau of Prisons. He began serving his sentence on January 27, 2014.

29. As a result of her arrest in November of 2012, ROE was sentenced to serve a jail term at the San Luis Obispo County Jail. As a result of her cooperation in the investigation of PIERCE, ROE is serving her jail time in protective custody. She is confined to a 10x10 cell for 23 hours a day. Unlike inmates in the general population, she is unable to participate in self-improvement programs at the jail including a 12-step program.

30. Plaintiffs timely filed government tort claims with CITY.

**FIRST CAUSE OF ACTION BY PLAINTIFF JANE ROE FOR VIOLATION OF**
**CIVIL RIGHTS AGAINST DEFENDANT PIERCE**
**(42 U.S.C.§ 1983)**

31. Plaintiff JANE ROE incorporates by this reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs of this Complaint.

32. Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, Defendant PIERCE intentionally and maliciously deprived ROE of rights secured to her by the First, Fourth, Thirteenth and Fourteenth Amendments to the United States Constitution. PIERCE subjected ROE to

6

**COMPLAINT FOR DAMAGES**

1 | extortion, indentured servitude, sexual assault and molestation and deprived her of rights
2 | secured by the United States Constitution.

3 | 33. As a proximate result of the aforesaid acts and omissions of PIERCE, ROE sustained
4 | great physical and mental pain and shock to her nervous system, fear, anxiety, torment,
5 | degradation and emotional distress.

6 | 34. By reason of the aforementioned acts and omissions of PIERCE, ROE was compelled to
7 | secure the services of an attorney at law to redress the wrongs hereinbefore mentioned
8 | and by virtue thereof, ROE is indebted and liable for attorneys fees.

9 | 35. The aforementioned acts and omissions of PIERCE were committed knowingly, wilfully
10 | and maliciously, with the intent to harm, injure, vex, harass and oppress ROE with a
11 | conscious disregard of ROE's constitutional rights and by reason thereof, Plaintiff seeks
12 | punitive and exemplary damages from PIERCE in an amount as proved.

13 |

14 | **SECOND CAUSE OF ACTION BY PLAINTIFF KIP HOLLAND FOR**
15 | **VIOLATION OF CIVIL RIGHTS AGAINST DEFENDANT PIERCE**
16 | **(42 U.S.C.§ 1983)**

17 | 36. Plaintiff KIP HOLLAND incorporates by this reference, as if fully set forth herein, the
18 | allegations set forth in the preceding paragraphs of this Complaint.

19 | 37. Commencing at or about the aforementioned dates and places, without cause or
20 | justification, and acting under color of law, Defendant PIERCE intentionally and
21 | maliciously deprived HOLLAND of rights secured to him by the First, Fourth, Thirteenth
22 | and Fourteenth Amendments to the United States Constitution. PIERCE subjected
23 | HOLLAND to extortion and indentured servitude and deprived him of rights secured by
24 | the United States Constitution.

25 | 38. As a proximate result of the aforesaid acts and omissions of PIERCE, HOLLAND
26 | sustained mental pain and shock to his nervous system, fear, anxiety, torment,
27 | degradation and emotional distress.

28 | 39. By reason of the aforementioned acts and omissions of PIERCE, HOLLAND was

**COMPLAINT FOR DAMAGES**

1    compelled to secure the services of an attorney at law to redress the wrongs hereinbefore

2    mentioned and by virtue thereof, HOLLAND is indebted and liable for attorneys fees.

3  40.  The aforementioned acts and omissions of PIERCE were committed knowingly, wilfully

4    and maliciously, with the intent to harm, injure, vex, harass and oppress HOLLAND with

5    a conscious disregard of HOLLAND's constitutional rights and by reason thereof,

6    HOLLAND seeks punitive and exemplary damages from PIERCE in an amount as

7    proved.

8

9  **THIRD CAUSE OF ACTION BY PLAINTIFFS JANE ROE AND KIP HOLLAND**

10  **FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C.§§ 1983, 1988) AGAINST**

11  **DEFENDANTS CITY AND COUNTY (*MONELL* CLAIM)**

12  41.  Plaintiff ROE incorporates by this reference, as if fully set forth herein, the allegations

13    set  forth in the preceding paragraphs of this Complaint.

14  42.  Defendants CITY and COUNTY are and at all times herein mentioned have been public

15    entities and municipalities duly authorized and existing as such in and under the laws of

16    the State of California; and at all times herein mentioned, possessed the power and

17    authority to adopt policies and prescribe rules, regulations and practices affecting the

18    operation of the San Luis Obispo Police Department and San Luis Obispo County

19    Sheriff's Office, respectively, and in the tactics, methods, practices, customs and usages

20    related to internal investigations, personnel supervision and records maintenance, and the

21    proper uses of force by their rank and file, generally.

22  43.  At all times herein mentioned, Defendants CITY and COUNTY implicitly or explicitly

23    adopted and implemented careless and reckless policies, customs, or practices, and failed

24    to provide sufficient training for Defendant PIERCE.

25  44.  Defendants CITY and COUNTY knowingly maintain and permit official *sub-rosa*

26    policies or customs of permitting the occurrence of the kinds of wrongs set forth herein,

27    by deliberate indifference to police abuse, failing and refusing to fairly and impartially

28    investigate, discipline or prosecute peace officers who commit acts of felonious

8

**COMPLAINT FOR DAMAGES**

1     dishonesty and crimes, each ratified and approved by CITY and COUNTY.

2  45. Defendants CITY and COUNTY'S customs, policies, practices and/or procedures create

3     and allow for, *inter alia*, an ongoing pattern by all Defendants of condoning and having

4     a deliberate indifference toward citizens' constitutional rights, specifically in connection

5     with PIERCE'S violations of Plaintiffs' rights.

6  46. Defendants CITY and COUNTY's customs, policies, practices and/or procedures create

7     and allow for, *inter alia*, a failure by CITY and COUNTY to adequately train, supervise,

8     discipline, screen and hire police officers in connection with citizens' constitutional

9     rights.

10  47. Specifically, but not limited to, the policy of failing to train and supervise narcotics

11     officers working with informants allowed Defendant PIERCE to act with impunity in

12     connection with violating citizens' constitutional rights.

13  48. Defendants CITY and COUNTY'S actions constitute deliberate indifference.

14  49. Defendant PIERCE acted in conformity with this policy of deliberate indifference to

15     constitutional rights when he violated Plaintiffs' civil rights.

16  50. Defendants CITY and COUNTY's policies, customs or practices, caused Plaintiffs'

17     injuries.

18  51. As a direct and proximate result of Defendants CITY and COUNTY'S acts and

19     omissions, Plaintiffs have suffered and continues to suffer from mental pain, fear,

20     anxiety, torment, degradation and emotional distress.

21

22  **FOURTH CAUSE OF ACTION BY PLAINTIFFS JANE ROE AND KIP**

23  **HOLLAND FOR EXTORTION AGAINST DEFENDANTS CORY PIERCE AND**

24  **CITY OF SAN LUIS OBISPO**

25  52. Plaintiffs ROE and HOLLAND incorporates by this reference, as if fully set forth

26     herein, the allegations set forth in the preceding paragraphs of this Complaint.

27  53. Defendant PIERCE, with the intent to extort money and property from Plaintiffs,

28     made express and implied threats:

**COMPLAINT FOR DAMAGES**

a. to do an unlawful injury to the person or property of Plaintiffs;

b. to accuse Plaintiffs of crimes;

c. to expose, or impute to Plaintiffs, alleged crimes; and

d. to expose secrets affecting Plaintiffs.

54. Defendant PIERCE made the threats described above to extort money and other property from Plaintiffs, i.e. to obtain money and property from Plaintiffs with their consent, which consent PIERCE sought to induce by a wrongful use of fear.

55. Defendant PIERCE made the following specific threats in order to wrongfully generate fear in Plaintiffs: (1) to arrest and incarcerate Plaintiffs for crimes they did not commit; and (2) to make Plaintiffs "disappear."

56. The extortion caused Plaintiffs great physical and mental pain and shock to their nervous systems, fear, anxiety, torment, degradation and emotional distress.

57. Defendant PIERCE was acting in the course and scope of his employment with the San Luis Obispo Police Department and Defendant CITY is vicariously liable pursuant to California Government Code § 815.2.

**FIFTH CAUSE OF ACTION BY PLAINTIFFS JANE ROE AND KIP HOLLAND FOR NEGLIGENCE AGAINST DEFENDANTS CORY PIERCE AND CITY OF SAN LUIS OBISPO**

58. Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs inclusive, as though fully set forth therein.

59. Defendant PIERCE owed a duty of care to Plaintiffs and breached that duty by negligently and unreasonably extorting Plaintiffs without legal justification.

60. Defendant PIERCE was acting in the course and scope of his employment with the San Luis Obispo Police Department and Defendant CITY is vicariously liable pursuant to California Government Code § 815.2.

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against Defendants, and each of them,

10

**COMPLAINT FOR DAMAGES**

for the following:

1. For general damages according to proof;

2. For special damages according to proof;

3. For punitive damages as provided by law, in an amount to be proved against each individual Defendant, except CITY and COUNTY;

4. For attorney's fees pursuant to 42 U.S.C. § 1988.

5. For costs of suit;

6. For such other and further relief as the Court may deem just and proper.

Dated: February 25, 2014

SANGER SWYSEN & DUNKLE

By: _____
Stephen K. Dunkle
Attorneys for Plaintiffs
Jane Roe and Kip Holland

11

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2       Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of

3    Civil Procedure.

4    Dated: February 25, 2014                      SANGER SWYSEN & DUNKLE

5

6                                          By:
                                               Stephen K. Dunkle
7                                              Attorneys for Plaintiffs
                                               Jane Roe and Kip Holland
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ R. Gary Klausner _____ and the assigned Magistrate Judge is _____ Michael R. Wilner _____ .

The case number on all documents filed with the Court should read as follows:

### 2:14-cv-01520 RGK-MRWx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

| | |
|---|---|
| February 28, 2014 | By  SBOURGEOIS |
| Date | Deputy Clerk |

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | ☐ Southern Division | ☐ Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

| | |
|---|---|
| JANE ROE and KIP HOLLAND | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) **CV14-1520 RGK-MRW**x |
| CITY OF SAN LUIS OBISPO; COUNTY OF SAN LUIS OBISPO; CORY PIERCE; and DOES 1 through $0 inclusive | ) *Civil Action No.* |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  City of San Luis Obispo, 990 Palm Street, San Luis Obispo, CA 93401

County of San Luis Obispo, 1055 Monterey Street, San Luis Obispo, CA 93408

Cory Pierce, Federal Bureau of Prisons, Metropolitan Correctional Center, 808 Union Street San Diego, CA 92101

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Stephen K. Dunkle
SANGER SWYSEN & DUNKLE
125 E. De La Guerra Street, Suite 102
Santa Barbara, CA 93101

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  FEB 28 2014

*Signature of Clerk or Deputy Clerk*

1184

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| JANE ROE and KIP HOLLAND | CITY OF SAN LUIS OBISPO; COUNTY OF SAN LUIS OBISPO; CORY PIERCE; and DOES 1 through 50 inclusive |

| (b) County of Residence of First Listed Plaintiff    San Luis Obispo | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Stephen K. Dunkle, SANGER SWYSEN & DUNKLE, 125 E. De La Guerra Street, Santa Barbara, CA 93101, (805) 962-4887 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. section 1983, 1988 for violation of Plaintiffs' civil rights; additional state law claims under supplemental jurisdiction pursuant to 28 U.S.C. section 1367 for extortion and negligence

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:   CV14-1520

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes [X] No | [ ] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes [X] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [X] | [ ] | [ ] | [ ] | [ ] |

**C.1. Is either of the following true? If so, check the one that applies:**
[ ] 2 or more answers in Column C
[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.
If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**
[ ] 2 or more answers in Column D
[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.
If none applies, go to the box below. ↓

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | WESTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐  A. Arise from the same or closely related transactions, happenings, or events; or

☐  B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**                         DATE: February 25, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |